# CHARLESTON.

## SIZEMORE v. LAMBERT, *et al.*

### Submitted April 18, 1916.    Decided April 25, 1916.

1. EQUITY—*Demurrer—Effect of Decree.*
    The effect of a final decree, ignoring the demurrer to a bill previously filed, and granting the relief prayed for, is to overrule such demurrer.  (p. 244).

2. APPEAL AND ERROR—*Presentation Below—Pleading.*
    Such demurrer being general, and not specifying the absence of purported exhibits with the bill, will not, after answer filed not challenging the existence of such exhibits or the validity thereof, justify reversal of a final decree upon the issues presented by the pleading  (p. 244).

3. FRAUDULENT CONVEYANCES—*Suit to Set Aside—Pleading—Sufficiency Against Demurrer.*
    A bill by a creditor to set aside a deed as having been made fraudulently, and as being voluntary and without consideration, and for the purpose of hindering, delaying and defrauding creditors, and properly alleging these facts, is good on demurrer, as a bill for that purpose.  (p. 244).

4. SAME—*Fraud of Creditors—Prima Facie Case.*
    Where the parties to such alleged fraudulent deed are all related, and the deed on its face recites a nominal consideration paid, and is made after and pending suit brought by a creditor of such grantor to recover judgment against him, and the grantor has no other property, the deed is prima facie fraudulent and void, and the burden is upon the parties thereto to establish by proof the bona fides and validity thereof.  (p. 245).

Appeal from Circuit Court, Wyoming County.

Suit by Hiram Sizemore against Grace Lambert and others. From decree for plaintiff, defendants appeal.

*Reversed and remanded.*

*E. W. Worrell,* for appellants.

*Hughes, Clayton & Shannon,* for appellee.

MILLER, JUDGE:

The bill of a judgment creditor, very crudely drawn, was brought to set aside as fraudulent and void, a certain deed dated April 4, 1913, made by Grace Lambert, the judgment debtor, and her husband, Phil Lambert, to Rosa Workman, the former's mother, and to subject to sale for the payment of the judgment the property thereby conveyed.

The court below, by the decree appealed from, on bill and exhibits actually filed, some exhibits being absent, and upon the answer of the defendants, with general replication of the plaintiff to said answer, their demurrer though filed, not being noted or specifically disposed of in the decree, granted plaintiff the relief prayed for, and from that decree defendants have appealed.

The effect of the final decree, of course, was to overrule the demurrer. 1 Hogg's Eq. Proc., section 313, and cases cited; *Hinchman* v. *Ballard,* 7 W. Va. 152.

The first point is that the demurrer should have been sustained, first, because of the absence of the exhibits called for, as vouching some of the material allegations of the bill. The demurrer was a general one, not specifically pointing out the absence of the exhibits, and as the attention of the court below does not seem to have been called to the absence of the exhibits, and the defendants' answer does not specifically challenge the existence or validity of those exhibits, we do not think the decree should be reversed on this ground, upon the principles of *Chapman* v. *P. & S. R. R. Co.,* 18 W. Va. 184, point 12 of the syllabus, and *LeSage* v. *LeSage,* 52 W. Va. 323, 329.

The second ground of demurrer, that the bill is void in form and for want of equity, we think not well founded. If otherwise insufficient we think it good as one charging that the deed from the Lamberts to Mrs. Workman was made with intent to hinder, delay and defraud the creditors of Mrs. Lambert, and that it was voluntary and made without consideration.

On the issues thus presented no testimony was taken. The decree seems to have been predicated solely on the bill and answer, and we are of opinion that it can not stand on these pleadings. The answer positively denies, first, that the deed in question was made after and pending plaintiff's suit brought before a justice to obtain his judgment; it also denies all charges of fraud and of intent to hinder and delay plaintiff in the collection of his debt. The parties being all related, and Mrs. Lambert having no other property, if, as alleged in the bill, plaintiff's suit before the justice was actually pending when the deed was made, and, as it appears, the deed to Mrs. Workman was for a nominal consideration, it would be *prima facie* fraudulent and void as against creditors, and the burden would be cast upon defendants to show want of fraud and valuable consideration paid by Mrs. Workman, without notice of plaintiff's rights. *Butler* v. *Thompson,* 45 W. Va. 660; *Todd* v. *Sykes,* 97 Va. 143; 6 Ency. Dig. Va. & W. Va. Repts. 569, and other cases cited; *Crary* v. *Kurtz,* (Iowa) 105 N. W. 590.

But the pendency of the suit at the time of the deed is denied; and it is not shown that the plaintiff's debt had any actual existence at that time. The transcript of the justice purporting to be exhibited with the bill showing the pendency of such suit when the deed was made is not a part of the record, so how can the court say that a *prima facie* case for relief has been made? We do not see, therefore, how the decree can stand on the pleadings, and in our opinion it must be reversed for want of proof.

But what disposition must we make of the case on this appeal? Must we reverse the decree, and also dismiss the bill? If in fact the suit of plaintiff was actually pending when the deed from Lambert and wife was made, that fact can be shown by the transcript of the justice's docket, and we can see that the other material facts alleged but not proved may in fact exist, but that by reason of some misapprehension of the law they were not proved. In such case the proper practice seems to be to reverse the decree and remand, with opportunity given, by new trial or otherwise to supply the

récord. *La Belle Iron Works* v. *Quarter Savings Bank,* 74 W. Va. 569.

The decree will, therefore, be reversed and the cause rè-manded to be further proceeded with in the circuit court in accordance with these views and ·further according to the rules·and principles governing courts of equity.

· *Reversed and remanded.*