# CHARLESTON.

W. H. RARDIN, *Administrator etc. v.* C. W. STOVER *et al.*

(No. 5482)

Submitted February 23, 1926.   Decided March 2, 1926.

APPEAL AND ERROR—*Supreme Court of Appeals Will Not Reverse Decree of Circuit Court on Issue of Fact, Unless Finding is Against Plain Preponderance of Evidence.*

This Court will not reverse a decree of the circuit court on an issue of fact unless the finding is against the plain preponderance of evidence.

(Appeal and Error, 4 C. J. § 2853.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Summers County.

Suit by W. H. Rardin, administrator of Sarah E. Richmond, deceased, against C. W. Stover and others, to set aside a deed and to subject land to payment of a judgment in favor of the plaintiff. From a decree for plaintiff, defendant L. A. Good appeals.

*Affirmed.*

*James H. Miller,* for appellant.·

*W. H. Rardin,* for appellee.

Litz, President:

The defendant L. A. Good appeals from a decree of the circuit court of Summers county, setting aside a deed to ·real estate on the ground of fraud, and subjecting the land to the payment of a judgment in favor of plaintiff against the other defendants, W. H. Good, Zora B. Stover and C. W. Stover.

L. A. Good is the wife of W. A. Good. Zora B. Stover is the wife of C. W. Stover, and the daughter of W. A. and L. A. Good.

By deed bearing date April 2, 1892, and reciting a consideration of one hundred dollars paid, L. A. Lively and wife conveyed to W. A. Good a tract of land situated in Summers county containing 3½ acres; and by deed dated November 25, 1901, for a recited consideration of four hundred dollars paid, J. C. Hudson and wife conveyed to W. A. Good a parcel of 40½ acres adjoining the 3½-acre tract. Thereafter, by deed dated February 25, 1902, W. A. Good and L. A. Good, his wife, conveyed to M. A. Harvey and J. C. Harvey 6 acres 21 poles of the 40½-acre tract; and by deed dated January 2, 1915, conveyed to C. W. Stover and Zora B. Stover, his wife, the remainder of the 40½ acres and the 3½-acre tract.

March 21, 1921, C. W. Stover borrowed from the plaintiff's intestate, Sarah E. Richmond, $1,000.00 for which he executed his note, payable in six months from date and indorsed by Zora B. Stover and W. A. Good. In September, 1921, Sarah E. Richmond died intestate, and on October 19, 1921, W. H. Rardin was duly appointed administrator of her estate.

January 2, 1922, "in consideration of the sum of One Hundred (100.00) Dollars cash in hand paid and other good and

valuable considerations'' not set forth, C. W. Stover and Zora B. Stover, his wife, conveyed by deed to L. A. Good ''all their respective right, title and interest in and to'' the 3½ acres of land.

February 25, 1922, plaintiff recovered judgment on the note against C. W. Stover, Zora B. Stover and W. A. Good in the sum of $1,050.00. Being unable to collect the judgment from any of the debtors, the plaintiff instituted this suit to set aside the deed from C. W. Stover and Zora B. Stover, his wife, to L. A. Good, as voluntary and as a fraud upon the rights of plaintiff.

The answer of L. A. Good to the plaintiff's bill avers that she paid C. W. Stover and Zora B. Stover $1,200.00 in cash as consideration for the deed. It is alleged in the joint answer of the defendants C. W. Stover and Zora B. Stover that they sold the land to L. A. Good on or about January 2, 1921, for $1,200.00 cash which was later invested by them in an unsuccessful mercantile business.

In the proof the defendants abandon the defense set up in their answers that the deed was made pursuant to a sale on or about January 2, 1921, for a money consideration then paid by L. A. Good to C. W. and Zora B. Stover; and attempt to show that the conveyance was executed in compliance with an alleged agreement entered into between the Goods and Stovers, at the time of the execution of the deed of January 2, 1915, requiring the Stovers to pay to L. A. Good $400.00 and interest thereon from 1903 or reconvey to her the 3½-acre tract. No writing, evidencing the alleged agreement, was produced or satisfactorily proved. W. A. Good claims there was a writing but doesn't know whether or not it could be found. The other defendants testifying do not remember any writing. It is claimed that in 1903 L. A. Good permitted her husband C. W. Good to use $400.00 she had received from her father's estate in paying for the 3½-acre tract, and that the alleged agreement was made for the purpose of restoring to her this amount with interest. The entire consideration for the 3½-acre tract, according to recitals in the deed therefor, was only $100.00, paid at the time of the execution of the instrument, April 2, 1892.

Where the transaction assailed is between persons whose relationship by blood or marriage is so intimate as fairly to create the presumption of their susceptibility to influences prompting favoritism by the one towards the other, and the proof introduced or circumstances surrounding the dealings of the parties tend to show that such was the course pursued, the burden of establishing freedom from fraud as against creditors shifts to him who is charged therewith. *Sizemore* v. *Lambert,* 78 W. Va. 243, 88 S. E. 839. In view of the relationship between the defendants, and unconvincing character of their testimony, which is wholly inconsistent with the defense set up in their sworn answers, the decree of the circuit court must be affirmed.

A finding of fact by a circuit court, unless against the plain preponderance of the evidence, will not be disturbed on appeal. *McBee* v. *Deusenberry,* 99 W. Va. 176, 128 S. E. 378.

*Affirmed.*