**In re McCORHILL PUBLISHING, INC., Debtor.**

**In re NEW CASTLE ASSOCIATES, Debtor.**

**KRAUS–THOMSON ORGANIZATION, LIMITED, Plaintiff,**

**v.**

**McCORHILL PUBLISHING, INC., Debtor, Harvey S. Barr, as Trustee for McCorhill Publishing, Inc., and New Castle Associates, Debtor, Defendants.**

**Bankruptcy Nos. 87 B 20104, 87 B 20122.**

**No. 88 ADV. 6061.**

United States Bankruptcy Court, S.D. New York.

Aug. 25, 1988.

Hahn & Hessen, New York City, for Kraus–Thomson.

Barr and Faerber, Spring Valley, N.Y., for Trustee.

McCarthy, Fingar, Donovan, Drazen & Smith, White Plains, N.Y., for McCorhill Publishing, Inc.; William F. Macreery, of counsel.

## DECISION ON MOTION FOR AN ORDER DISMISSING ANSWER OF McCORHILL PUBLISHING, INC.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Kraus–Thomson Organization, Ltd. ("KTO"), a creditor holding a disputed secured claim against the Chapter 11 debtor, McCorhill Publishing, Inc. ("McCorhill"), has moved pursuant to Bankruptcy Rule 7012(b) and Fed.R.Civ.P. 12(b)(6) for an order dismissing the answer containing defenses and counterclaims filed by McCorhill for failing to state a claim upon which relief may be granted. KTO also seeks to strike McCorhill's answer on the ground that McCorhill has no standing to file an answer with counterclaims against KTO's claim because McCorhill is not a debtor in possession by reason of the fact that this court previously appointed a Chapter 11 trustee in accordance with 11 U.S.C. § 1104 to act as the legal representative of McCorhill's estate. KTO argues that McCorhill's defenses and counterclaims are property of the estate within the meaning of 11 U.S.C. § 541 which may be prosecuted by only the

Chapter 11 trustee as the estate's legal representative and that McCorhill has no authority to answer on the estate's behalf, especially since the Chapter 11 trustee's answer raises similar defenses and counterclaims which make McCorhill's answer redundant. Moreover, as a creditor, KTO does not believe that the estate should be responsible for duplicative legal fees incurred by McCorhill when the estate will not be prejudiced because it is amply protected by the Chapter 11 trustee's answer. Additionally, the New Castle Associates, which is a debtor in possession to which McCorhill previously transferred certain real property interests, has also filed an answer which is almost identical to McCorhill's answer.

McCorhill maintains that the objections, offsets and counterclaims asserted in its answer would, if proven, result in a solvent estate. Therefore, McCorhill argues that it has a direct pecuniary interest in the controversy and that its chances for effecting a successful plan of reorganization is directly benefitted to the extent that the property to be distributed is increased through the success of its counterclaims. McCorhill argues that the Chapter 11 trustee is not the sole representative or party in interest with standing to raise the issues contained in its answer and that while the claims raised by the Chapter 11 trustee are similar to those in McCorhill's answer, they are not identical. McCorhill contends that while the trustee's primary interest concerns only the estate, as the representative of creditors, McCorhill's primary interest concerns the relief it seeks as a debtor in a Chapter 11 case. Therefore, McCorhill reasons that as a debtor in a Chapter 11 case, it is also a party in interest within the meaning of 11 U.S.C. § 1109(b) and that it may raise and may appear and be heard on any issue in a case under Chapter 11.

The Chapter 11 trustee supports McCorhill's standing on the ground that not all of the counterclaims raised by McCorhill have been raised by the trustee. The Chapter 11 trustee reasons that if McCorhill is successful under its counterclaims, not only will KTO's claim be expunged, but it will recover substantial damages which could only benefit the estate and its creditors. Thus, the Chapter 11 trustee welcomes McCorhill's participation for the reason that while the Chapter 11 trustee objects to KTO's claim in order to benefit the estate, McCorhill should be permitted to participate and counterclaim against KTO in order to benefit McCorhill's equity interests, if any.

### Factual Background

On March 12, 1987, McCorhill filed with this court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code and was continued in possession of its business as a debtor in possession pursuant to 11 U.S.C. § 1108. Previously on November 30, 1984, KTO sold to the debtor a reprint and periodical business known as Kraus Reprint and Kraus Periodicals, together with a warehouse and office complex in Millwood, New York, for the sum of $7,750,000. The debtor paid $5,000,000 in cash to KTO and delivered to KTO a promissory note in the sum of $2,750,000, payable over five years with interest at the rate of 9% per annum. McCorhill defaulted on this note when it failed to make the first payment of $500,000, which was due on April 11, 1985.

After McCorhill acquired the KTO business it merged with a corporation called Meridan Productions. Thereafter, all of McCorhill's stock was acquired by New Castle Communications, Inc. McCorhill transferred title to the Millwood office and warehouse to a limited partnership known as New Castle Associates ("New Castle"), which now is also a Chapter 11 debtor.

Pursuant to a decision dated June 11, 1987, and upon motion made by KTO, this court directed the appointment of a Chapter 11 trustee for McCorhill in accordance with the grounds specified in 11 U.S.C. § 1104 *In re McCorhill Publishing, Inc.,* 73 B.R. 1013 (Bankr.S.D.N.Y.1987). It was found that McCorhill failed to maintain complete and accurate financial records and failed to substantiate undocumented transactions, with the result that a Chapter 11 trustee was required to protect the interests of creditors because of McCorhill's

gross mismanagement of its financial affairs.

In an adversary proceeding commenced by the Chapter 11 trustee to determine the validity, extent and priority of liens filed by numerous creditors of McCorhill, the trustee sought an order declaring certain liens void or voidable. This court found, among other things, that KTO's lien on the debtor's accounts receivable was properly perfected and was a valid lien and also that KTO was the first lienholder on the debtor's accounts receivable and furniture. *In re McCorhill*, 86 B.R. 783 (Bankr.S.D.N.Y. 1988). In light of the absence of proof, this court did not attempt to fix the precise amount of KTO's claims against McCorhill.

Thereafter, in accordance with a complaint filed with this court on June 18, 1988, KTO commenced an adversary proceeding to obtain a declaratory judgment fixing the amount of its claims against McCorhill and New Castle.

The Chapter 11 trustee filed an answer dated July 14, 1988 to KTO's adversary proceeding containing denials upon information and belief and asserting six affirmative defenses as follows: (1) KTO failed to deliver certain items contemplated by the contract between the parties, with the result that McCorhill is entitled to a credit. (2) KTO misrepresented the value of certain property included in the contract of sale, thereby entitling McCorhill to a credit. (3) There was a failure of consideration in that KTO violated the covenant not to compete. (4) KTO failed to deliver certain contracts to McCorhill. (5) McCorhill is entitled to a credit for sums of money in KTO's possession. (6) KTO is not entitled to costs and attorneys' fees.

Pursuant to an answer with affirmative defenses and nine counterclaims, dated July 14, 1988, McCorhill alleged certain denials to KTO's complaint and counterclaimed along the following lines: (1) KTO did not obtain consents from licensors to the transfer of approximately 3,000 reprint contracts and therefore breached its contract with McCorhill to the damage of $3 million. (2) Lack of consideration for McCorhill's note to KTO, reducing the value of property acquired from KTO to the extent of $3 million. (3) Abatement of the purchase price by $3 million and cancellation of McCorhill's note and mortgage. (4) A wrongful diversion of McCorhill's inventory in excess of $1 million. (5) A wrongful diversion of McCorhill's inventory inhibiting McCorhill's ability to carry on its business. (6) Misrepresentations as to the nonexistence of employee pension, profit sharing, severance, retirement or stock purchase plans covering KTO's employees acquired by McCorhill. (7) KTO allegedly cooperated with its officers and employees in diverting inventory to competitors, including companies presently owned by former KTO employees. (8) Damages for wrongful business competition by KTO's principal shareholder and director in his own name and under the name of H.P. Kraus, Inc. (9) Wrongful conversion of payments from customers of McCorhill in excess of $30,000.

## DISCUSSION

The bankruptcy courts have on numerous occasions been called upon to decide the engaging question, whose claim is it anyway? When creditors compete with a Chapter 11 trustee to pierce a corporate debtor's veil in order to sue the debtor's principals on an alter ego theory for misappropriating the debtor's assets, the courts are divided as to whether the trustee or the creditors may sue the principals. Compare, *Koch Refining v. Farmers Union Central Exchange*, 831 F.2d 1339 (7th Cir.1987) (the cause of action belonged to the trustee) with *In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222 (8th Cir.1987) (the cause of action belongs to the corporate creditors, and not the trustee). In the instant case the triangle of parties, namely debtor, trustee and creditors, is somewhat skewed, because in this case a creditor argues that only the Chapter 11 trustee, and not the debtor and its principals, may assert the debtor's counterclaims against a creditor. The issue therefore, is to what extent, if any, may a Chapter 11 debtor and its principals have standing against a creditor to recover for damages to the debtor's

potential equity after the appointment of a Chapter 11 trustee who asserts affirmative defenses against the creditor's claim in order to reduce such claim for the benefit of the remaining creditors.

Generally, the trustee is regarded as the representative of the estate, with the capacity to sue and be sued, as defined in 11 U.S.C. § 323. A Chapter 11 trustee is explicitly granted broad responsibilities under 11 U.S.C. § 1106 in managing the debtor's business, collecting the debtor's assets and dealing with the debtor's estate, including filing a plan under 11 U.S.C. § 1121. However, the Chapter 11 trustee does not have exclusive authority to file a plan of reorganization, because 11 U.S.C. § 1121(c) provides that any party in interest, including the debtor, may file a plan. Therefore, notwithstanding the appointment of a Chapter 11 trustee, the debtor continues to be regarded as a party in interest for plan filing purposes. Nonetheless, the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104 terminates the debtor in possession's trustee-like authority under 11 U.S.C. § 1107. The appointed Chapter 11 trustee then assumes the duties expressed in 11 U.S.C. § 1106, including most of the duties specified in 11 U.S.C. § 704. The Chapter 11 trustee's authority to conduct the debtor's business and to manage the estate, primarily for the creditors, does not mean that the Chapter 11 debtor's interests are totally divested. In addition to having standing to file a reorganization plan, the debtor has a pecuniary interest in the equity of the estate if all the creditors can be paid in full, or if each class of impaired claims accepts the plan in accordance with 11 U.S.C. § 1129(a)(8)(A), so that the debtor may retain an equity interest. In such case, the Chapter 11 debtor possesses a direct pecuniary interest in the estate which would not implicate the rights of the Chapter 11 trustee, whose primary function is to protect the creditors' interests in the estate.

Even in liquidation cases under Chapter 7, a debtor has standing to object to claims where disallowance of the claims would produce a surplus. *See In re Silverman*, 10 B.R. 734, 735 (Bankr.S.D.N.Y.1981), *af-firmed* 37 B.R. 200 (S.D.N.Y.1982). Moreover, it has been held that a debtor may not maintain a suit against a creditor to determine the nature, validity, extent and priority of liens or security interests asserted by the creditor if the trustee did not participate. *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 216 (8th Cir.1985). In the instant case, not only will the Chapter 11 trustee participate, but he supports the McCorhill debtor's standing to counterclaim against KTO. The Chapter 11 trustee points out that his affirmative defenses are intended to reduce KTO's claim, with the result that the creditors might benefit. However, it is not the Chapter 11 trustee's primary function to produce an equity for the debtor. Indeed, the Chapter 11 trustee's answer does not seek any affirmative damages from KTO, whereas McCorhill's answer contains counterclaims which seek to create an equity for the debtor.

The debtor should be permitted to protect its equity interests, if any. However, the creditors of this estate should not be required to shoulder any of the expenses of the debtor's participation in this litigation. The Chapter 11 trustee is solely empowered to represent their interests, without duplicating costs being incurred because the debtor has chosen to retain counsel to represent its equity interests. Therefore, the debtor's counsel must look beyond this estate for compensation unless the debtor's efforts succeed in producing an equity for the debtor, which may serve as a source for compensation. Therefore, on condition that the creditors will not be required to assume any portion of the debtor's expenses in participating in this adversary proceeding, the debtor will be regarded as a party in interest with standing to object to KTO's claim and the debtor's answer will not be stricken.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. KTO's motion to dismiss and or strike McCorhill's answer is denied.

3. The creditors of this estate will not be required to assume any portion of McCorhill's expenses incurred in participating in this adversary proceeding.

SETTLE ORDER on notice.