In re McCORHILL PUBLISHING, INC., Debtor.

In re NEW CASTLE ASSOCIATES, Debtor.

KRAUS–THOMSON ORGANIZATION, LIMITED, Plaintiff,

v.

McCORHILL PUBLISHING, INC., Debtor, Harvey S. Barr, as Trustee for McCorhill Publishing, Inc., and New Castle Associates, Debtor, Defendants.

Bankruptcy Nos. 87 B 20104, 87 B 20122.

Adv. No. 88–6061.

United States Bankruptcy Court, S.D. New York.

Sept. 7, 1988.

■■■■■■

McCarthy, Fingar, Donovan, Drazen & Smith, White Plains, N.Y., for McCorhill Pub., Inc.; William F. Macreery, of counsel.

Hahn & Hessen, New York City, for Kraus–Thomson.

Barr and Faerber, Spring Valley, N.Y., for trustee.

## DECISION ON MOTION TO STRIKE JURY DEMANDS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Kraus–Thomson Organization, Limited ("KTO"), a creditor holding a disputed secured claim filed against the debtors, McCorhill Publishing, Inc. ("McCorhill") and its assignee, New Castle Associates ("New Castle"), has moved to strike the jury demands filed by the Chapter 11 trustee and the debtors in connection with their answers and counterclaims filed in response to KTO's claim. The Chapter 11 debtor, McCorhill, was given standing by this court to file an answer with counterclaims against KTO's claim because McCorhill contended that the objections, offsets and counterclaims asserted in its answer would, if proven, result in a solvent estate. *In re McCorhill Publishing, Inc.*, 89 B.R. 393 (Bankr.S.D.N.Y.1988).

### Factual Background

Prior to filing its Chapter 11 petition with this court on March 12, 1987, McCorhill purchased from KTO a reprint and periodical business known as Kraus Reprint and Kraus Periodicals, together with a warehouse and office complex in Millwood, New York, for the sum of $7,750,-000. McCorhill thereafter defaulted on a $2,750,000 note which it gave to KTO in partial payment of the purchase price. McCorhill had also transferred title to the Millwood office and warehouse to a limited partnership known as New Castle Associ-

ates ("New Castle"), which now is also a Chapter 11 debtor. A Chapter 11 trustee was appointed for McCorhill after this court found that McCorhill had grossly mismanaged its financial affairs. *In re McCorhill Publishing, Inc.*, 73 B.R. 1013 (Bankr.S.D.N.Y.1987). This court has also found, among other things, that KTO's lien on the debtor's accounts receivable was properly perfected and was a valid lien. *In re McCorhill Publishing, Inc.*, 86 B.R. 783 (Bankr.S.D.N.Y.1988). The precise amount of the lien has not been determined.

On June 18, 1988, KTO commenced an adversary proceeding to obtain a declaratory judgment fixing the amount of its claims against McCorhill and New Castle. The Chapter 11 trustee filed an answer containing denials, affirmative defenses and counterclaims, including misrepresentation of the value of property included in the sale by KTO to McCorhill and claims for setoff. New Castle has also filed an answer. McCorhill's answer contains nine counterclaims, including lack of consideration, wrongful diversion of McCorhill's property, unfair competition and conversion of assets. McCorhill, New Castle and the Chapter 11 trustee each filed jury demands in connection with the issues raised in the adversary action.

### This is a Core Proceeding

■ KTO's complaint seeks the entry of a declaratory judgment determining and fixing the amount of its claims against McCorhill and New Castle. The McCorhill Chapter 11 trustee did not deny the allegation contained in paragraph 4 of KTO's complaint that this is a core proceeding. The debtors, McCorhill and New Castle, have denied that KTO is entitled to the relief sought in paragraph 4 of the complaint, but they did not deny that this is a core proceeding. Indeed, 28 U.S.C. § 157(b)(2)(C) explicitly defines a core proceeding to include "counterclaims by the estate against persons filing claims against the estate." This provision adopts the holding in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) that a preference action by a trustee, which is

generally legal in nature, is converted to an equitable action when it is presented as a counterclaim against an adverse claimant who filed a claim in the bankruptcy case and thus submitted to the equitable jurisdiction of the bankruptcy court. This is so because when a legal issue arises as part of the process of allowance and disallowance of claims, it is triable within the equitable jurisdiction of the bankruptcy court and "it is triable in equity." *Katchen v. Landy,* 382 U.S. at 336, 86 S.Ct. at 476. *See Huffman v. Perkinson (In re Harbour),* 840 F.2d 1165 (4th Cir.1988), App. Pending, *sub nom. Perkinson v. Huffman,* 57 U.S.L.W. 3015 (1988); *Nordberg v. Granfinanciera (In re Chase & Sanborn Corp.),* 835 F.2d 1341, 1349 (11th Cir.1988) ("A core proceeding is a proceeding created by the Bankruptcy Code and is brought in a bankruptcy court, and thus is inherently equitable in nature").

### There is No Jury Trial in This Core Proceeding

■ The right to a jury trial in civil cases depends on the nature of the action. If the action is based on a common law claim for money damages, the Seventh Amendment right to trial by jury exists, whereas if the complaint seeks equitable relief, the complainant is not entitled to a jury trial. *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932).

■ The Chapter 11 trustee contends that under appropriate circumstances a bankruptcy court is not prohibited from holding a jury trial. In *Official Creditors' Committee of Honeycomb, Inc. v. Fidelity Bank, N.A. (In re Honeycomb, Inc.),* 72 B.R. 371 (Bankr.S.D.N.Y.1987), one of the cases cited by the trustee, the court actually held that the claimant was not entitled to a jury trial with respect to the debtor's counterclaims of preference and setoff because counterclaims to filed claims are core proceedings which are inherently equitable in nature, to which there is no right to a jury trial. By filing a proof of claim, the creditor waived its right to a jury trial and submitted to the equitable jurisdiction of the bankruptcy court. In the instant case, the creditor does not seek a jury trial and objects to the jury demands filed by the Chapter 11 trustee and the debtors, whose authority to contest the creditor's claim arises out of the equitable jurisdiction of the Bankruptcy Court.

The Chapter 11 trustee cited *In re Lombard–Wall,* 48 B.R. 986 (S.D.N.Y.1985) as another case authorizing a jury trial in a bankruptcy court. However, the case is distinguishable because it did not involve a trustee's counterclaim to a filed claim. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) was not even cited by the court. In *In re Lombard–Wall* the district court ruled that the plaintiff debtor's action was only peripherally related to the bankruptcy case. Moreover, the court relied upon former Bankruptcy Rule 9015, which has since been repealed. Similarly, *In re Paula Saker & Co.,* 37 B.R. 802 (Bankr.S.D.N.Y.1984), which the trustee cited, is distinguishable because it did not involve a counterclaim to a creditor's claim and the court relied upon former Bankruptcy Rule 9015 as authority for jury trials in bankruptcy courts.

The Chapter 11 trustee also relies on *Dailey v. First Peoples Bank of New Jersey,* 76 B.R. 963 (D.N.J.1987). However, that case also did not involve a counterclaim to a proof of claim. The nondebtor bank filed a third party complaint in state court against a number of individuals, two of whom had sought protection under the Bankruptcy Code. The bankruptcy trustee then removed the action to the United States District Court for New Jersey and then sought a referral from the district court to the bankruptcy court. The action was for damages arising out of an alleged fraud in the sale of land. The plaintiffs objected to the referral to the bankruptcy court on the ground that they sought damages at law and they would lose their right

to a jury trial if the case were referred to the bankruptcy court. The district court referred the case to the bankruptcy court, saying that it would not decide if a core matter was involved, leaving that issue to the bankruptcy court. The district court indicated that if the case involved a non-core matter, the bankruptcy court could not enter a final order and therefore, a jury trial would not be held because Congress did not authorize jury trials in "otherwise related" matters. The district court said that if the case was a core proceeding, the bankruptcy court had the power to conduct a jury trial because Bankruptcy Rule 9015 (since repealed) impliedly affirmed the constitutional validity of jury trials in bankruptcy courts. This case is totally distinguishable because it involved a pending state court action for damages and not a claim filed against the estate. The district court specifically said that the case was distinguishable from *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), where legal claims against a debtor are converted to equitable claims seeking a *pro rata* share of the estate, thereby barring the right to a jury trial. The court noted that the plaintiffs did not state a claim for some share of the estate, but rather, they sought damages against the defendant bank and not against the debtors.

> Thus we find that plaintiffs' claim does not fall into that class of claims which *Katchen* holds are converted from legal to equitable under the jurisdiction of the bankruptcy court.

*Dailey v. First Peoples Bank*, 76 B.R. at 966.

The *Dailey* case is further distinguishable because it refers to former Bankruptcy Rule 9015 as impliedly authorizing a substantive right to a jury trial. Pursuant to 28 U.S.C. § 2075, the power of the Supreme Court to promulgate Bankruptcy Rules is limited by the restriction that such rules "shall not abridge, *enlarge,* or modify *any substantive right*" (emphasis added). The Bankruptcy Rules may not create substantive rights, such as the Seventh Amendment right to a jury trial.

Not only did former Bankruptcy Rule 9015 not create by implication a right to a jury trial in bankruptcy cases, but any such implication disappeared when Bankruptcy Rule 9015 was abrogated under the new Bankruptcy Rules, effective August 1, 1987. After the decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held that a bankruptcy court, which did not possess the essential attributes of an Article III court, may not exercise the judicial power reserved exclusively for an Article III court, new Bankruptcy Rules were adopted by the United States Supreme Court on March 10, 1987, effective August 1, 1987. One of the significant changes under the new Rules was the abrogation of Bankruptcy Rule 9015, which dealt with the subject of jury trials in bankruptcy courts.

The United States Supreme Court has not as yet determined whether or not a bankruptcy judge's authority to preside over jury trials is one of the essential attributes of judicial power which may be exercised exclusively by Article III courts. In referring to the authority of the Commodities Futures Trading Commission, as a non-Article III entity which may hear matters not involving the essential attributes of Article III judicial power, Justice Sandra Day O'Connor stated:

> [T]he FTC, unlike the bankruptcy courts under the 1978 Act, does not exercise "all ordinary powers of district courts" and thus may not, for instance, preside over jury trials or issue writs of habeas corpus.

*Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). Thus, the ability to preside over jury trials was declared to be one of the "essential attributes of judicial power" which the Supreme Court in the *Northern Pipeline Construction Co.* case denied to the bankruptcy courts. Some sources have concluded that the abrogation of Bankruptcy Rule 9015 reflects a Congressional initiative to withdraw jury trial authority from the jurisdiction of bankruptcy courts and placing the limited jury trial opportunities in bankruptcy cases solely

within the jurisdiction of the district courts. *See* Sabino, *Jury Trials in the Bankruptcy Court: The Controversy Ends,* Vol. 93 Commercial Law Journal, 238 Summer 1988.

Even if there is an open question as to the authority of a bankruptcy court to conduct a jury trial, there nonetheless is a distinction between the power of a bankruptcy court to conduct a jury trial and the power of a bankruptcy court to determine whether or not there is a right to a jury trial. *American Universal Insurance Co. v. Pugh,* 821 F.2d 1352 (9th Cir.1987). Obviously, "if the Debtor is entitled to a jury trial, and if the bankruptcy court cannot conduct it, the trial can be provided in the United States District Court of which the Bankruptcy Court is an adjunct." *Consolidated Lewis Investment Corporation–Limited Partnership v. Hibernia National Bank,* 78 B.R. 469, 478 (Bankr.M.D.La. 1987). In the instant case, this court finds that there is no need to be concerned about providing a jury trial. It is well settled that a trustee's or debtor's counterclaims to a creditor's claim arising out of the same transaction as the creditor's claim may be decided by the bankruptcy court without a jury in the same manner as the claim, because it is merely another part of the same transaction. *Katchen v. Landy,* 382 U.S. at 337, 86 S.Ct. at 477; *Taubman Western Associates v. Beugen (In re Beugen),* 81 B.R. 994 (Bankr.N.D.Cal.1988); *Official Creditors' Committee of Honeycomb, Inc. v. Fidelity Bank, N.A.,* 72 B.R. at 377–378; *In re S.B. Manning,* 71 B.R. 981 (Bankr.N.D.Ala.1987).

The debtor, McCorhill, concurs with the trustee's position and argues that because all counterclaiming defendants would be entitled to a jury trial on the issues raised by them had they proceeded to trial in the state court, they should be entitled to a jury trial on the same issues when presented as counterclaims in the bankruptcy court. The fact that the debtors chose to interpose counterclaims raising issues at law in the state court in response to KTO's equitable foreclosure proceedings does not mean that the counterclaiming defendants are now entitled to a jury trial. KTO elect-

ed not to proceed with its state court foreclosure action after this court granted its motion for relief from the stay. Instead, KTO chose to pursue its claim in this court and requests that the bankruptcy court determine and fix the amount of its claim against the debtors. Therefore, this court must exercise the equitable jurisdiction which the debtors invoked when they commenced their Chapter 11 cases and determine the extent of KTO's claim, as well as all issues relating to such claim. The debtors did not have any right to a jury trial in the bankruptcy court when they commenced their Chapter 11 cases. The fact that KTO chose to file a claim in this court and waive any jury trial rights that it might have had at law does not mean that the debtors are now entitled to demand a jury trial in a core proceeding.

This is not a case where a creditor seeks a jury trial as to issues raised by a debtor or trustee in a counterclaim to the creditor's proof of claim. Even under those circumstances, the courts have held that creditors who consent to the bankruptcy court's equity jurisdiction by filing proofs of claim against debtors are deemed to have waived their jury trial rights. *Katchen v. Landy,* 382 U.S. at 336, 86 S.Ct. at 476; *In re Honeycomb,* 72 B.R. at 377–378. In this case, the creditor willingly relinquished any right it might have had outside the bankruptcy court to a jury trial when it filed its proof of claim against the debtors. The Chapter 11 trustee and the debtors never had any right to a jury trial with respect to core proceedings in the bankruptcy court and therefore should not be heard to claim a nonbankruptcy right to a jury trial when they filed counterclaims against the creditor who consented to the bankruptcy court's equitable jurisdiction and seeks to strike the jury demands. *In re Beugen,* 81 B.R. at 1001; *In re S.B. Manning,* 71 B.R. at 986. Each party consented to the bankruptcy court's equitable jurisdiction and waived any right to a jury trial for core proceedings. The debtors did so when they filed their Chapter 11 petitions; KTO did so when it filed its proof of claim and acknowledged that the bankrupt-

cy court was the appropriate forum for determining all issues relating to its claim.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(C).

2. The Chapter 11 trustee and the debtors do not have a right to demand a jury trial with respect to the issues raised by their counterclaims in response to KTO's complaint seeking a declaratory judgment determining and fixing the amount of its claims against the debtors.

3. KTO's motion to strike the jury demands filed by the Chapter 11 trustee and the debtors in connection with their answers and counterclaims filed in response to KTO's claim, is granted.

SETTLE ORDER on notice.