### In re PLANT.

### CORBIN v. MUMFORD.

(District Court, S. D. Georgia, W. D. July 23, 1906.)

1. BANKRUPTCY—PREFERENCE—CREATION.

Where, a day or two before open insolvency of a bank and the closing of its doors, defendant, its receiving and paying teller, with full knowledge of its insolvency, drew his check against the fund and paid himself $3,100 which he claimed as a creditor of the bank, such transaction constituted a preference which was recoverable in an action against him by the bank's trustee in bankruptcy.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 259–262, 267.]

2. SAME—RECEIVER—APPOINTMENT—EQUITABLE LIEN.

The appointment of a receiver for the bank a day or two after the payment of such check constituted an equitable levy on the funds so received by the teller as well as on the other assets of the bank in its possession.

3. SAME—NATURE OF PROCEEDINGS.

A trustee was entitled to maintain a bill in equity in the bankruptcy court to recover such fund and was not limited to an action at law.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 419–424.]

4. JURY—TRIAL BY JURY—RIGHTS.

Where a bill in equity was filed by a bankrupt's trustee to recover an alleged preference, and the facts were not disputed, defendant was not entitled to a trial by jury.

5. SAME—EQUITY—PLEADING—RELIEF.

Where a bill by a bankrupt's trustee to recover an alleged preference contained a prayer for general relief, the court was not limited to the entry of a money judgment against the preferred creditor, but was authorized to issue an order commanding such creditor to pay the money received to the bankrupt's trustee, and to commit the creditor for contempt until the order was complied with.

In Bankruptcy.

M. P. Callaway, for complainant.

W. S. Grace, for defendant.

SPEER, District Judge (orally). We think that the learned counsel on both sides of this case have not given sufficient importance to

a very familiar principle relating to it, and that is that, before a demurrer to a bill in equity should be sustained upon the ground that there is an adequate remedy at law, it must be made to appear that the remedy at law is in all respects as complete, as efficient, as expeditious, and as adequate as the remedy in equity. Now, the defendant, by whom this demurrer is made, was the receiving and paying teller of the bankrupt concern. On a day, or two days, before open insolvency and the closing of the doors of the bank, having access to its funds, he, according to the averments of the bill, with full knowledge of the insolvency, drew his check against the fund and paid himself $3,100, which° he claims as a creditor of the bankrupt concern. Now, if that money had been paid by the bankrupt himself to any favored creditor, it would have been unquestionably a preference It follows that if his agent, his employé, took advantage of his position, which, according to the allegations charged, gave him access to those funds, he also became a favored creditor. It was the creation of a preference, either by the permission of the bankrupt himself, or because of the powers which were intrusted to him. The defendant was the once fiduciary agent of the bankrupt. He held a position of trust—he was an acting trustee—and his action in appropriating, in violation of the bankruptcy law, a portion of that fund to his own possession, is not merely a violation of the law against implied trusts, but it is a violation of an actual positive trust, a disregard of proper conduct on the part of the agent. The appointment of the receiver a day or two afterwards constituted an equitable levy on this fund, which was in contemplation of law an equitable levy on all that fund just as much as on the vaults of the bank, if he had improperly withdrawn that fund from the vaults and put it to his own credit or put it in his own pocket. This is a very different case indeed from that on which the defendant relies (United States v. Bitter Root Development Company, 200 U. S. 451, 26 Sup. Ct. 318, 50 L. Ed. 550), where a bill in equity was brought against certain trespassers who were trespassing on land of the United States and were cutting a large amount of timber, which could not be identified. That was an action for simple trespass or trover, and the Supreme Court held that it made no difference how much fraud was charged, because the facts showed that it was simply a case of trespass or trover. Here the case is charged as a constructive fraud, and, if the facts exist as stated, the pleader would have been justified in charging it as an actual fraud in contemplation of the bankruptcy law. The main cause of action here is not, as the gentleman has argued, legal, but is equitable. The bankruptcy court is an equitable court, and it is within the power of the bankruptcy court to set aside this preference. It would seem that Mumford has no right to a trial by jury, because such a trial is to find the facts. Here the facts are not in dispute. The duty of the court is not to find the facts, but to consider their effect as they are charged in the bill, and admitted by the demurrer. If the facts were in dispute as to whether Mumford actually took the money, it might be that he would have the right of trial by jury, but that is not this case.

It is said that the court can only enter a money judgment against Mr. Mumford. I do not think that this is true. The great moderation of the pleader does not change the nature of this transaction in any sense, and there is, in addition, a prayer for general relief. In view of this, it is quite competent for this court to issue an order on this bill, commanding Mr. Mumford to pay over this money, and, if he does not, to commit him until he does pay it over, and to issue an attachment for that purpose. I do not, then, agree with counsel when he insists that nothing here can be granted but an ordinary money judgment. It is a case where the funds of an insolvent concern, in violation of the bankruptcy law, were appropriated by one occupying a position of peculiar trust toward all the creditors, for the purpose of settling his own debt, and to that extent depriving the other creditors of their right to distribution under the law creating a uniform system of bankruptcy. It is therefore not only peculiarly within the powers of the bankrupt court, but within the range of its extraordinary and punitive powers in case they become necessary. And for this reason the court adheres to its original opinion, although profoundly impressed by the ingenuity and earnestness of counsel for the defendant.

The demurrer is again overruled.