# CHARLESTON.

HARRY S. IRONS, TRUSTEE, ETC., v. H. W. BIAS.

Submitted January 27, 1920.    Decided February 3, 1920.

BANKRUPTCY—*Trustee Cannot Sue in Equity to Recover Unlawful Preference, Where Remedy at Law Adequate.*

The remedy at law being adequate, equity is without jurisdiction to entertain a suit brought by a trustee in bankruptcy solely to recover back money unlawfully paid by the insolvent debtor to one of his creditors in preference to others, in violation of the Federal Bankruptcy Act. Section 2, ch. 74, Code of W. Va. (1918) has no application in such case.

Appeal from Circuit Court, Cabell County. .

Suit by Harry S. Irons, trustee in bankruptcy of A. R. Stealey, against H. W. Bias. Decree for plaintiff, and defendant appeals.

*Reversed, and bill dismissed.*

*D. B. Daugherty,* for appellant.

*Livezey & Irons,* for appellee.

WILLIAMS, PRESIDENT:

This suit in chancery was instituted by Harry S. Irons, Trustee in bankruptcy of A. R. Stealey, against H. W. Bias, to recover from said Bias $4,316.00, evidenced by two checks which were endorsed and transferred by said Stealey to said Bias, within less than four months before said Stealey was adjudged a bankrupt, and which, the bill alleges, said Bias, received when he knew or had reasonable grounds to believe that said Stealey was insolvent, and that said assignment was made with the intent of giving the said Bias a preference over the other creditors of said Stealey, contrary to the provisions of the Act of Congress relating to bankruptcy. The bill also alleges that said Bias received the money on the checks and has converted the same to his own use.

Defendant demurred to the bill and, not waiving his demurrer, answered, admitting the receipt of the checks from Stealey and the collection of the money thereon as alleged in the bill, but denied that he received them with the intent of thereby obtaining a preference over said Stealey's other creditors and denied also that he knew or had any cause to believe, at that time, that said Stealey was insolvent.

The demurrer appears not to have been directly passed upon, but the case was heard upon bill, answer and replication thereto, and depositions taken on behalf of the respective parties, and a decree was rendered in favor of plaintiff for $3,316.00, and from that decree the defendant has appealed.

The demurrer was in effect overruled by the final decree, rendered in favor of plaintiff. *Hinchman* v. *Ballard,* 7 W. Va. 152; *Le Sage* v. *Le Sage,* 52 W. Va. 323; and *Sizemore* v. *Lambert,* 78 W. Va. 243.

But two questions are presented, the first relating to the jurisdiction of the court and the second, whether the evidence is

sufficient to justify the decree. If the first is decided against the jurisdiction, the second question is eliminated, for if equity had no jurisdiction to entertain the bill, this court has no jurisdiction to consider the merits upon appeal. The bill clearly shows that it is filed to recover back money paid by an insolvent debtor to one of his creditors, thereby intending to give him a preference over his other creditors, in violation of the Federal Bankruptcy Act. The suit being simply one to recover back money, unlawfully paid in violation of the federal statute, it is clear plaintiff has an adequate remedy at law. This is decided in *Maxwell, Trustee,* v. *Davis Trust Co.,* 69 W. Va. 276, a similar case, in which point five of the syllabus reads as follows: "Equity does not have jurisdiction of cases in which the plaintiff has a full, complete, and adequate remedy at law, unless some peculiar feature of the case comes within the province of a court of equity." The bill here seeks only the recovery of money. Counsel for plaintiff, however, contends that the jurisdiction is sustained by section 2, ch. 74, Code of W. Va. But that statute itself furnishes a sufficient answer to the contention, for in terms it excepts from its operation securities assigned in payment of debts, by providing, "That nothing in this section contained shall be taken to affect any transfer of bonds, notes, stocks, securities or other evidences of debt in payment of or as collateral security for the payment of a bona fide debt or to secure any indorser or surety whether such transfer is made at the time such debt is contracted or indorsement made or for the payment or security of a pre-existing debt." Accordingly the assignment of the checks, which were evidence of debt, by Stealey to Bias, was permissible and lawful, whether the debt thereby paid was pre-existent or presently contracted, and no suit to recover it, or any part of it back, either in equity or in a court of law, could be maintained. The suit is clearly one brought under the Federal Bankruptcy Act, and the jurisdiction depends solely upon the question whether plaintiff has an adequate and complete remedy at law. We think he has. There was no transfer to be set aside and no trust to be declared. no relief prayed for that a court of law was not as competent to give as a court of equity, and hence the well recognized rule, subject to few exceptions, which have no application here, applies,

that equity has not jurisdiction, where the law affords an adequate and complete remedy. We, therefore, hold that equity had no jurisdiction to entertain the suit, and that the demurrer should have been sustained and plaintiff's bill dismissed without prejudice, and such will be the order of this court.

Decree reversed and bill dismissed.

*Reversed, and bill dismissed.*