**In re ARNETT OIL, INC., Debtor.**

**FARMERS AND MERCHANTS NATIONAL BANK, Appellants,**

v.

**John C. AYLESWORTH, as Trustee for Arnett Oil, Inc., Appellee.**

**No. L 84–40.**

United States District Court,
N.D. Indiana,
Hammond Division at Lafayette.

Dec. 3, 1984.

Duane Hartman, Richard Browne, Valparaiso, Ind., for plaintiff.

Gordon Gouveia, Merrillville, Ind., Malcolm C. Mallette, Indianapolis, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is an appeal from an Order entered January 30, 1984 by the United States Bankruptcy Court, Northern District of Indiana, Hammond Division at Lafayette, denying Farmers and Merchants National Bank's (Farmers) request for trial by jury. The issue on this appeal is whether Farmers was entitled to a jury trial as demanded. Federal Rule of Bankruptcy Procedure 8013 governs the district court's authority to review the decision of the bankruptcy court. That rule provides that the district court is bound to accept the bankruptcy court's findings of fact unless they are clearly erroneous. However, this court is not so restricted in reviewing the bankruptcy court's interpretations of law. *Matter of Evanston Motor Co., Inc.*, 735 F.2d 1029 (7th Cir.1984); *see, e.g., In the Matter of Neis*, 723 F.2d 584 (7th Cir.1983); Fed.R.Bankr. P. 8013. The issue raised on this appeal does not challenge the bankruptcy court's findings of fact but rather its interpretation of law. Accordingly, this court must independently determine the accuracy of the legal conclusions adopted by the bankruptcy judge on the basis of the facts shown. *In re Pickus*, 26 B.R. 171, 173 (D.C.Conn.1982).

The facts of this case reveal the following. On November 14, 1983, the plaintiff-appellee, John C. Aylesworth, as trustee for Arnett Oil, Inc. (Trustee) filed his complaint seeking judgment against the defendant-appellant, Farmers for the amount of an alleged preferential transfer under 11 U.S.C. § 547. The defendant filed its answer on January 19, 1984 and filed its jury demand on January 20, 1984. On January 30, 1984, the Bankruptcy Judge disallowed

Farmers demand for trial by jury on the ground that the issues in the case were not triable by jury.

Under the Bankruptcy Reform Act of 1978 the right to trial by jury is determined by 28 U.S.C. § 1480. Section 1480(a) provides:

(a) Except as provided in subsection (b) of this section, this chapter and Title 11 do not affect any right to trial by jury, in the case under Title 11 or in a proceeding arising under Title 11 or arising in or related to a case under Title 11, that is provided by any statute in effect on September 30, 1979. * * *

The legislative history indicates that Section 1480(a) contemplated the preservation of any right to a jury trial in a proceeding arising under Title 11 that was in effect on September 30, 1979. House Report No. 95–595, 95th Congress, 1st Session, at 448 (1977) U.S. Code Cong. & Admin.News 1978, p. 5787 states:

§ 1480 Jury trials.

Subsection (a) continues any current right of litigants in bankruptcy cases, and cases related to bankruptcy cases, such as plenary actions, to a jury trial. The exception provided in subsection (b) is to the trial of issues arising on the trial of an involuntary bankruptcy petition.

The question therefore is whether or not an action by a trustee for a money judgment based upon an alleged preference was triable by jury prior to the enactment of the Bankruptcy Code.

In *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932), the Supreme Court find that suits to recover preferences were not part of the proceedings in bankruptcy but concerned controversies arising out of it. The Court went on to hold that the preference action should have been tried at law because it was an action for money damages reasoning that where a legal remedy is available, a plaintiff is not entitled to maintain a suit in equity and that such a determination must be made based upon the facts of the complaint.

In *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the Supreme Court considered whether an issue of a voidable preference which arose in the context of allowing or disallowing claims was triable at law or equity. The Court held that in such a situation, the issue of a voidable preference was subject to the summary jurisdiction of the bankruptcy court and therefore triable in equity. The Court specifically stated however that:

But although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schonthal v. Irving Trust Co.*, 287 U.S. 92 [53 S.Ct. 50, 77 L.Ed. 185] when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity.

According, the Court clearly recognized that not only the remedy requested but also the context in which the issue of a voidable preference arises must be considered in determining whether a party has a right to trial by jury on the issue if requested.

In the case presently before the court, this Trustee requested a money judgment in his complaint and did not seek any equitable relief. Farmers did not file a claim with the Bankruptcy Court. Accordingly, the facts of this case, analyzed under the law as stated in *Schoenthal*, clearly indicate that Farmers was entitled to a jury trial as requested. This conclusion is consistent with two recent opinions dealing with the same issue. See *Sunair International, Inc. v. Fairchild Aircraft Corporation*, 10 B.C.D. 1215, 32 B.R. 142 (B.C.S.C. Fla.1983), and *Portage Associates, Inc. v. Sizzler Family Steak Houses*, 16 B.R. 445, 5 C.B.C.2d 1247 (B.C.N.D.Ohio 1982).

For the foregoing reasons, the decision of the Bankruptcy Court is REVERSED. SO ORDERED.