In re PARIS INDUSTRIES CORPORATION, Vitro Agate Corporation, Otselic Enterprises, Inc., Stylecrafters Corporation, Gladding Cordage Corporation, Debtors.

Stephen S. GRAY, Chapter 11
Trustee, Plaintiff,

v.

BILL CIACCIA AND ASSOCIATES,
INC., Defendant.

Bankruptcy Nos. 87–20111
through 87–20115.
Adv. No. 89–2032.

United States Bankruptcy Court,
D. Maine.

Oct. 4, 1989.

Jonathan D. Yellin, Kaye Fialkow, Richmond & Rothstein, Boston, Mass., Dennis Bezanson, So. Portland, Me., for plaintiff.

Richard C. Davis, Davis & Davis, Largo, Fla., for defendant.

ORDER

FREDERICK A. JOHNSON, Chief Judge.

On April 10, 1987, the debtor filed for relief under Chapter 11 of the Bankruptcy Code. On May 15, 1989, the trustee filed a complaint seeking to avoid and recover an alleged preferential payment made by the Debtor to Defendant Bill Ciaccia and Associates, Inc. In its responsive pleading, filed on July 20, 1989, Defendant "demand[ed] a jury trial of all issues herein pursuant to the Seventh Amendment of the U.S. Constitution", apparently relying on the recent *Nordberg* decision, *Granfinanciera v. Nordberg*, — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved ..." U.S. Const. Amend. VII. The *Nordberg* case involves a fraudulent conveyance proceeding, which is designated as a "core" proceeding by 28 U.S.C. § 157(b)(2)(H). In *Nordberg*, the Supreme Court concluded that in a proceeding involving a fraudulent monetary transfer, a person who has not submitted a claim against a bankruptcy estate is entitled under the Seventh Amendment to a trial by jury. This court believes that the analysis in *Nordberg* applies as well to a preference proceeding, which is also designated as a "core" proceeding by 28 U.S.C. § 157(b)(2)(F). *See Granfinanciera v. Nordberg*, — U.S. at —, 109 S.Ct. at 2793, 2798 n. 13, 106 L.Ed.2d at 45, 51 n. 13 (Discussing prior decisions to effect that where no claim filed in preference proceeding, defendant entitled to jury trial). *See also Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 94–95, 53 S.Ct. 50, 51–52, 77 L.Ed. 185 (1932).

In *Katchen v. Landy, supra.*, the Supreme Court concluded that under the Seventh Amendment a creditor who had filed a claim was not entitled to a jury trial on a preference issue raised as a counterclaim. *See id.* 382 U.S. at 336, 86 S.Ct. at 476. *See also Granfinanciera v. Nordberg,* —— U.S. at ——, 109 S.Ct. at 2798, 106 L.Ed.2d at 50.

Essentially, "under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Granfinanciera v. Nordberg,* —— U.S. at ——, 109 S.Ct. at 2799, 106 L.Ed.2d at 51 (Dictum explaining the decisions in *Katchen* and *Schoenthal, supra.*)

In this proceeding, a review of the records indicates that on June 22, 1987, Defendant Bill Ciaccia and Associates, Inc. did file a claim, designated as claim no. 489 in the claims register of the Debtor Paris Industries Corporation.

As a result, consistent with the Supreme Court's ruling in *Katchen* and in accord with the recent ruling in *Nordberg,* it is hereby

### ORDERED

that Defendant's request for a jury trial pursuant to the Seventh Amendment is DENIED.