**In re Wayne DREWES as bankruptcy trustee for Woods Farmers Cooperative Elevator Co., Plaintiff,**

v.

**ZIP FEED MILLS, INC. dba Gold Label Feed, Dale Roesler and Leon Roesler dba Roesler Farms, Kent Roesler, Merle Schatzke, Eldon Saunders, Runck Chateau Ranch, Alvin Leedahl, Gordon Halvorson, Steve Brakke, Paul Brakke, Orval Beadles, Don Brakke, and Dallas Glasow, Defendants.**

Bankruptcy No. 89–05299.
Adv. No. 90–7040.

United States Bankruptcy Court,
D. North Dakota.

Aug. 1, 1990.

Wes Huisinga, Minneapolis, Minn., U.S. Trustee.

Wayne Drewes, Fargo, N.D., trustee.

Kip Kaler, Fargo, N.D., for trustee.

Zip Feed Mills, Inc., pro se.

Lowell Bottrell, Jon Brakke, Ben E. Brunsvold, Keith Trader, Fargo, N.D., Dean Rindy, West Fargo, John Irby, Casselton, N.D., for defendants.

Runck Chateau Ranch, pro se.

Gordon Halvorson, pro se.

### ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This is a consolidated adversary proceeding commenced by the trustee on June 26, 1990, against thirteen defendants seeking recovery of alleged preferences and fraudulent conveyances. Ten of the answering defendants have filed demands for jury trial.[1] Three defendants have not interposed any answer.[2]

In *Granfinanciera v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court, relying heavily on its decisions in *Katchen v. Landy*, 382 U.S.

---

1. Dale and Leon Roesler dba Roesler Farms, Kent Roesler, Merle Schatzke, Eldon Saunders, Alvin Leedahl, Steve Brakke, Paul Brakke, Don Brakke, Orval Beadles, and Dallas Glasow.

2. Zip Feed Mills, Inc., Runck Chateau Ranch and Gordon Halvorson.

323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932) held that the Seventh Amendment right to a jury trial is preserved in actions seeking to recover fraudulent transfers notwithstanding the fact that the claim arises in the context of a bankruptcy case. Although *Granfinanciera* was a fraudulent conveyance action under section 548, nothing in *Granfinanciera* or in the historical underpinnings of section 547 suggests that a preference action to recover a money judgment should be treated any differently than a fraudulent conveyance action. A jury trial is preserved in either situation. In *Granfinanciera,* however, the court clearly indicated also that the Seventh Amendment right to a jury trial is preempted upon the filing of a proof of claim. *Granfinanciera,* 109 S.Ct. at 2798–99. On this issue the court stated, "We read *Schoenthal* and *Katchen* as holding that, under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Id.* 109 S.Ct. at 2799. Further elaborating on this point the court went on: "As *Katchen* makes clear … by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow their claims, even though the debtor's opposing counterclaims are legal in nature…." *Id.* 109 S.Ct. at 2799.

▮ Dale and Leon Roesler, Kent Roesler, Merle Schatzke and Orval Beadles have filed proofs of claim and for that reason have no right to have the adversary proceeding against them tried by a jury.[3] The six remaining defendants who have requested jury trials (Eldon Saunders, Alvin Leedahl, Steve Brakke, Paul Brakke, Don Brakke and Dallas Glasow) have not filed proofs of claim against the estate and are entitled to a jury trial with respect to the trustee's claim against them.

▮ In this circuit it has been determined that bankruptcy judges lack either express or implicit authority to conduct jury trials in legal proceedings brought by a debtor or trustee against third party creditors. *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir. 1990). Thus, while these five defendants are entitled to a jury trial, that trial cannot be conducted by the Bankruptcy Court. It is appropriate procedurally that the trustee's Complaint be severed with this court retaining jurisdiction over the trial of the section 547/548 actions against Zip Feed Mills, Dale and Leon Roesler, Kent Roesler, Merle Schatzke, Runck Chateau Ranch, Gordon Halvorson and Orval Beadles. The trustee's Complaint against Eldon Saunders, Alvin Leedahl, Steve Brakke, Paul Brakke, Don Brakke and Dallas Glasow is transferred to the United States District Court for the District of North Dakota for trial before a jury as prayed for in their respective Answers.[4]

The Bankruptcy Court will continue to administer the instant adversary proceeding as to those actions retained. As to the actions transferred, all further pleadings and correspondence should be directed to the United States District Court.

SO ORDERED.

---

**3.** Dale and Leon Roesler filed claims number 72, 78 and 84, Kent Roesler filed claim number 135, Merle Schatzke filed claim number 98, and Orval Beadles filed claim number 163.

(Zip Feed Mills dba Gold Label Feeds filed claim number 13 but has not interposed an answer or demanded a jury trial.)

**4.** In *United Missouri* the Circuit granted a writ of mandamus requiring the District Court to withdraw reference of the case pursuant to 28 U.S.C. § 157(d). The court is satisfied from the pleadings that substantially the same circumstances exist which would require reference withdrawal as regards that portion of the Complaint being transferred.