**In re HEDGED–INVESTMENTS ASSOCIATES, INC., Debtor.**

**Harvey SENDER, Trustee, Plaintiff,**

v.

**Lorn HARDIE and Beverly Hardie, Defendants.**

**Civ. A. No. 92–B–2191.**

United States District Court, D. Colorado.

March 19, 1993.

Harvey Sender, Dana M. Arvin, Katch, Sender, Wasserman & Jobin, Denver, CO, for plaintiff.

Bruce E. Rohde, Davis & Ceriani, P.C., Denver, CO, for defendants.

MEMORANDUM OPINION
AND ORDER

BABCOCK, District Judge.

Defendant Beverly Hardie (Mrs. Hardie) moves to withdraw the reference of this action to the United States bankruptcy court based on her Seventh Amendment right to a jury trial. The plaintiff Harry Sender, trustee (Trustee), and defendant Lorn Hardie (Mr. Hardie), also move to withdraw reference based on judicial economy. The issues are adequately briefed and oral argument will not materially aid their resolution. Because there is no Seventh Amendment right to a jury trial in this case, I will deny the parties' motions.

The Trustee filed this adversary proceeding against Mrs. Hardie and her husband Mr. Hardie for alleged receipt of a fraudulent and preferential transfer. The claims for fraudulent and preferential transfer concern the single transaction of the Hardie's alleged receipt of $150,000 from the debtor between ninety days and one year before the date the debtor filed a bankruptcy petition. In their answer, defendants demanded a jury trial. Subsequently, the parties filed these separate motions to withdraw reference.

Section 157(d) provides that the district court may withdraw any case referred to a bankruptcy court "for good cause shown." 28 U.S.C. § 157(d). Mrs. Hardie argues that she has shown good cause because she has a right to a jury trial and bankruptcy

courts cannot conduct jury trials. Therefore, Mrs. Hardie argues, the reference must be withdrawn to preserve her Seventh Amendment right to a jury trial.

It is settled that bankruptcy courts may not conduct jury trials. *In re Kaiser Steel Corp.*, 911 F.2d 380, 389 (10th Cir.1990). Resolution of Mrs. Hardie's motion, then, turns on whether she is entitled to a jury trial. Mrs. Hardie argues that she is entitled to a jury trial under *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). I disagree.

The Supreme Court held in *Granfinanciera v. Nordberg*, 492 U.S. at 37–55, 109 S.Ct. at 2787–97, that a person who has not submitted a claim against a federal bankruptcy estate has a Seventh Amendment right to a jury trial when sued by a bankruptcy trustee to recover a fraudulent monetary transfer. The rationale underlying the Court's decision in *Granfinanciera* is that the fraudulent conveyance action against a creditor who had not asserted a claim against the debtor did not arise "as part of the process of allowance and disallowance of claims." *Id.* at 58, 109 S.Ct. at 2799 (quoting *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932)); *see also In re Washington Mfg. Co.*, 133 B.R. 113, 117 (M.D.Tenn.1991). This rationale was confirmed by the Supreme Court in *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). There the Supreme Court held that a creditor who had filed a claim against the bankruptcy estate was *not entitled to a jury trial* under the Seventh Amendment when, in response, the trustee initiated a preference action. 498 U.S. at 44, 111 S.Ct. at 331. In reaching this holding the Court stated:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. As such, there is no Seventh Amendment right to a jury trial.

*Id.* (citations omitted).

Mrs. Hardie has not filed a proof of claim against the debtor in this case. Her husband, however, is a creditor who has filed a claim. The fraudulent and preferential transfer claims against Mrs. Hardie involve the same transaction, receipt of the $150,000, as the identical claims against Mr. Hardie. There is no separate alleged fraudulent or preferential transfer claim involving only Mrs. Hardie and unrelated to a creditor's claim in this bankruptcy proceeding. These claims are integral to the bankruptcy court's restructure of the parties' debtor-creditor relationship. Therefore, I conclude that this action brought by the Trustee against *both* Mr. Hardie and Mrs. Hardie is part of the claims allowance process which is triable only in equity. Consequently, there is no Seventh Amendment right to a jury trial in this case and Mrs. Hardie's motion will be denied.

The denial of Mrs. Hardie's motion to withdraw reference renders moot the motion to withdraw reference by Mr. Hardie and the Trustee based on judicial economy.

Accordingly, it is ORDERED that:

1) Mrs. Hardie's motion to withdraw reference in this case is DENIED;

2) Mr. Hardie's and the Trustee's joint motion to withdraw reference in this case is DENIED.