**In re TERM INDUSTRIES, INC.**

**COMMITTEE OF UNSECURED CREDITORS**

v.

**90TH STREET GARAGE CORP.**

**Bankruptcy No. 88–12410 (FGC).
Adv. No. 94–8134A.**

United States Bankruptcy Court,
S.D. New York.

April 12, 1995.

## ORDER DENYING DEMAND BY DEFENDANT FOR A JURY TRIAL

FRANCIS G. CONRAD,* Bankruptcy Judge.

At a hearing held in this matter on April 11, 1995, we asked the parties to address the issue of whether Defendant was entitled to a jury trial. Based upon the arguments of Counsel and the pleadings on file with this Court, we hold that Defendant is not entitled to a jury trial for two separate and distinct reasons. First, both sides are seeking equitable relief for claims that do not entitle them to a jury trial. Secondly, Defendant has submitted voluntarily to the jurisdiction of the this Court.

█ Defendant claims it is entitled to a jury trial by the Seventh Amendment to the United States Constitution, which provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." The Supreme Court has

consistently interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830). Although "the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791," the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty. *Curtis v. Loether,*

415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1974).

The form of our analysis is familiar. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United States,* 481 U.S. 412, 417–418, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). The second stage of this analysis is more important than the first. *Id.,* at 421, 107 S.Ct., at 1837.

*Granfinanciera v. Nordberg,* 492 U.S. 33, 41–42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989).

Neither step in the analysis supports Defendant's claim to a right to trial by jury. Plaintiff's complaint has four causes of action. Defendant points only to one, a fraudulent conveyance action under N.Y. Debt. & Cred. Law § 276 as entitling it to a jury trial. In *Granfinanciera,* however, the Supreme Court made it quite clear that whether an action for fraudulent conveyance requires a jury trial depends upon the subject matter of the action.

"[W]hether the trustee's suit should be at law or in equity is to be judged by the same standards that are applied to any other owner of property which is wrongfully withheld. If the subject matter is a chattel, and is still in the grantee's possession, an action in trover or replevin would be the trustee's remedy; and if the fraudulent transfer was of cash, the trustee's actions would be for money had and received. Such actions at law are as available to the trustee to-day as they were in the English courts of long ago. *If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process,* and that also is beyond dispute."

*Granfinanciera, supra,* 492 U.S. at 44, 109 S.Ct. at 2791, *quoting* 1 G. Glenn, Fraudulent Conveyances and Preferences § 98, pp. 183–84 (rev. ed. 1940) (emphasis added). At issue

* Sitting by special designation to the Southern   District of New York.

in this case is the ownership of shares of stock. Black's Law Dictionary (6th ed.) defines "intangible" as "such property as has no intrinsic and marketable value, but is merely the representative or evidence of value, such as certificates of stock...." Accordingly, Committee's fraudulent conveyance action is an equitable action because its subject matter is shares of stock, an intangible.

In its prayer for relief, Committee requests a declaration that the Debtor is the rightful owner of the stock. Similarly, Defendant requests a declaration that it is the rightful owner of the stock. Committee also seeks avoidance of the transfer of the shares, and turnover of the stock certificate and all related records. The remedy in each case is one that only this Court can grant. In *Granfinanciera*, by contrast, the relief sought was an award of "money payments of ascertained and definite amounts." *Granfinanciera, supra*, 492 U.S. at 49, 109 S.Ct. at 2794, *quoting Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 95, 53 S.Ct. 50, 51, 77 L.Ed. 185 (1932). In such a case, "the long-settled rule that suits in equity will not be sustained where a complete remedy exists at law ... 'serves to guard the right of trial by jury preserved by the Seventh Amendment....'" *Id.*, at 48, 109 S.Ct. at 2794.

■ Even if Defendant would otherwise be entitled to a trial by jury, however, we find in the alternative that it has waived that right and submitted itself to the equitable jurisdiction of this Court. Defendant was one of numerous entities affiliated with the Debtor or controlled by the Debtor's former principal. An examiner found evidence of a number of questionable dealings among those entities that had a detrimental impact on the Debtor. Accordingly, a global settlement was reached in exchange for which a release was granted to those entities. Defendant was specifically named as a beneficiary of the release in the confirmed Plan. Indeed, Defendant now asserts that release as a defense against Committee's action. Accordingly, Defendant has submitted itself to the equitable jurisdiction of this Court, and has waived its right to a jury trial. *Compare, Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (creditors filing proofs of claim against Debtor's estate submit to equity jurisdiction of bankruptcy court).

For the foregoing reasons, we hold that the Defendant has no Seventh Amendment right to a jury trial, and, alternatively, that Defendant has waived its right to a jury trial and submitted itself to the equitable jurisdiction of this Court. Accordingly, it is ORDERED that the trial of this matter will be to the Court.