Paul DEBAILLON

v.

**William E. STEFFES; Joseph H. Lebeau, III; Steffes & Macmurdo, a Partnership; ABC Insurance Company; James S. Holliday, Jr., a Professional Law Corporation; XYZ Insurance Company; Holliday & Jackson, a Professional Law Corporation; DEF Insurance Company.**

Civil Action No. 95–176.

United States District Court,
M.D. Louisiana.

Feb. 5, 1996.

Edward O. Taulbee, IV, Francis Douglas Wimberly, Taulbee, Rowe, Bares & Oliver, Lafayette, LA, for Paul Debaillon.

Michael Leon Cohen, Hailey, McNamara, Hall, Larmann, & Papale, Metairie, LA, Nelson W. Wagar, Chopin, Wagar, Cole, Richard & Reboul, LLP, Metairie, LA, for William Steffes, Joseph H. Lebeau, III.

James A. Nugent, Law Offices of Paul H.F. Baker, Metairie, LA, for James S. Holliday, Jr.

## RULING ON DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

POLOZOLA, District Judge.

This matter is before the Court on the defendants' motion to withdraw the reference to the bankruptcy court to allow the defendants to have a jury trial on a malpractice claim asserted by the plaintiff trustee. For the reasons which follow, the motion is denied.

### FACTS AND PROCEDURAL HISTORY

In October, 1991, Telco Communications, Inc. ("Telco") filed a petition for Chapter 11 reorganization in the Bankruptcy Court for the Middle District of Louisiana. To assist in the reorganization, Telco employed the law firms of Steffes & Macmurdo and Holliday & Jackson.[1] After the reorganization attempt failed, the case was converted to a Chapter 7 liquidation in May, 1994.

In September, 1994, Paul Debaillon, trustee for the Telco estate, commenced this lawsuit in the bankruptcy court, alleging that James Holliday, William Steffes, and Joseph Lebeau committed malpractice by negligently assisting Telco in its reorganization attempt. Steffes and Lebeau are associated with the Steffes & Macmurdo firm. In Janu-

---

1. Apparently, the defendant James Holliday was at one time associated with the firm of Holliday & Jackson, and was employed by Telco in his individual capacity.

ary, 1995, Steffes, Lebeau, and Steffes & Macmurdo filed the present motion to withdraw the reference. They assert that they are entitled to a jury trial, and that the bankruptcy court is not empowered to conduct such a trial.

## SHOULD THE REFERENCE BE WITHDRAWN

### A. Applicable Law

Two Supreme Court decisions, *Granfinanciera, S.A. v. Nordberg*[2] and *Langenkamp v. Culp*,[3] provide the analytical framework for resolving this motion. Under *Granfinanciera*, if a bankruptcy trustee initiates a suit involving legal (as opposed to equitable) rights and obligations, the Seventh Amendment entitles the defendant to a jury trial if the defendant has not filed and does not file a proof of claim against the estate. Conversely, under *Langenkamp*, if the defendant files a proof of claim, the trustee's suit is transformed into an equitable claims-allowance dispute to which the Seventh Amendment is inapplicable because the decision to allow the defendant/creditor's claim cannot be made without also considering the trustee's competing claim. Such a determination falls within the bankruptcy judge's equitable powers and may be made without resort to a jury.

### B. Analysis

The Court must first determine whether the Seventh Amendment applies to the malpractice action asserted against the defendants. *Granfinanciera* provides a two-step test for resolving this inquiry: (1) were such actions brought "at law" in English courts during the 18th-century, the time the Seventh Amendment was adopted; and (2) is the desired remedy essentially legal in nature. Courts have consistently held that the Seventh Amendment applies to suits for professional malpractice.[4] The plaintiff characterizes his suit as one "seeking equitable relief in the form of a disgorgement of fees already paid and a forfeiture of any future [fees]."[5] But despite the use of such terms as "equitable relief," "disgorgement," and "forfeiture," it is clear to this Court that what the plaintiff seeks is a money judgment. Suits seeking monetary damages are unquestionably legal in nature.[6]

The Court must also determine whether Congress has circumvented the Seventh Amendment by permissibly assigning resolution of this suit to the equitable powers of the bankruptcy court. Under *Granfinanciera* and *Langenkamp*, the Seventh Amendment applies unless the defendants have filed proofs of claims against the estate. A review of the record reveals that the defendants have filed two such claims.

On June 17, 1992, Lebeau filed an application for attorneys fees on behalf of Steffes & Macmurdo. The bankruptcy judge approved that application on July 20. Thus, that claim has been extinguished. On December 31, Holliday filed an application for fees on behalf of himself and Holliday & Jackson. Steffes filed a second application for fees on behalf of Steffes & Macmurdo on January 20, 1993. The bankruptcy court has apparently taken no action with respect to these last two fee applications. These outstanding applications constitute outstanding proofs of claims.[7]

---

2. 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

3. 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

4. *See Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994); *Woodard v. Sanders (In re SPI Communications & Mktg., Inc.)*, 112 B.R. 507 (Bankr.N.D.N.Y.1990); *Light Foundry Assocs. v. Alter (In re Light Foundry Assocs.)*, 112 B.R. 134 (Bankr.E.D.Pa.1990).

5. Pl.'s Mem. in Opp'n to Mot. to Withdraw Reference to Bankruptcy Ct., at 4.

6. *See Granfinanciera*, 492 U.S. at 47–49, 109 S.Ct. at 2793–94; *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476–77, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962); *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 94–95, 53 S.Ct. 50, 51–52, 77 L.Ed. 185 (1932).

7. This Court has carefully searched the bankruptcy record and the docket sheet. It is clear that these two claims for fees remain outstanding. The defendants have not presented any evidence to the contrary to the Court.

■ It must be noted that the defendants are not typical "outside" creditors. Thus, they were not required to file proofs of claims against the estate. As attorneys for the debtor, the proper procedural mechanism for asserting their claims was an application for fees. But in this context, the distinction between a proof of claim and an application for fees is immaterial. Both represent a "right to payment," which is the definition of "claim" provided by the Bankruptcy Code.[8]

Therefore:

**IT IS ORDERED** that the defendants' motion to withdraw the reference to the bankruptcy court be and it is hereby **DENIED**.