**In re ENRON CORPORATION, et al., Debtors.**

**Official Employment–Related Issues Committee of Enron Corp., et al., Plaintiffs,**

**v.**

**John J. Lavorato, et al., Defendants.**

**Bankruptcy No. 01–16034–AJG. Adversary No. 03–3721.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Oct. 20, 2004.

Michael Leppert, McClain, Leppert & Maney, P.C., Houston, TX, for Plaintiffs.

## REPORT TO DISTRICT COURT ON MOTION TO WITHDRAW REFERENCE

STEVEN A. FELSENTHAL, Chief Judge.

On July 12, 2004, the Official Employment–Related Issues Committee of Enron Corporation, the plaintiff, filed a motion to withdraw the reference of this adversary proceeding. The Employment Committee asserts that it has a right to a jury trial. While the Employment Committee would consent to the bankruptcy judge presiding over the jury trial, the Employment Committee moves to withdraw the reference to assure that a jury trial be conducted in Houston, Texas. The bankruptcy court submits the following report and recommendation to the United States District Court:

1. By order entered August 28, 2002 ("Order of Final Approval under 11 U.S.C. §§ 105(a), 363(b), 1103(c)(5) and 1109(b) and Fed. R. Bankr.P. 9019, Approving Settlement of Severance Claims of Similarly–Situated Claimants and Authorizing the Official Employment–Related Issues Committee to Commence Certain Avoidance Actions on Behalf of Estates"), the United States Bankruptcy Court for the Southern District of New York assigned to the Employment Committee the right to commence and prosecute certain causes of action of the Enron debtors against certain employees who received payments from the debtors within the days before the debtors filed their bankruptcy petitions.[1]

2. On May 27, 2003, the Employment Committee filed the instant complaint, seeking to avoid transfers as preferences or fraudulent conveyances pursuant to 11 U.S.C. §§ 544(b), 547 and 548. The adversary proceeding involves a core matter. 28 U.S.C. § 157(b)(2)(F) and (H).

3. The adversary proceeding had been assigned to the Honorable William Greendyke. Following the resignation of Judge Greendyke, by order entered June 1, 2004, the Chief Judge for the United States Court of Appeals for the Fifth Circuit reassigned the adversary proceeding to the Honorable Steven A. Felsenthal, Chief United States Bankruptcy Judge for the Northern District of Texas. Nevertheless, the adversary proceeding remains pending in the Southern District of Texas.

4. On July 12, 2004, the Employment Committee filed its motion to withdraw the reference. The Employment Committee requests a jury trial. While the Employment Committee consents to the bankruptcy judge presiding over the jury trial, the Employment Committee insists that the jury trial take place in the Southern District of Texas. The Employment Committee has filed the motion to withdraw the reference to assure that would occur.

5. The defendants oppose the motion to withdraw the reference. The defendants contend that the Employment Committee does not have a right to a jury trial. In addition, several of the defendants contend that the Employment Committee did not timely file the motion to withdraw the reference.

6. Several defendants do not consent to the bankruptcy judge conducting the jury

---

1. The Employment Committee's standing under that order has been challenged in several motions to dismiss in this adversary proceeding as well as in adversary proceeding nos. 03–3496 (the "Fallon" case), 03–4181 (the "Boots" case), and 03–3522 (the "Arnold" case). For purposes of this report, the court assumes that the Employment Committee has standing to prosecute this adversary proceeding.

trial in the event the Employment Committee does have a right to a jury trial. *See* docket nos. 420, 424, 436, and 441. If the Employment Committee has a right to a jury trial and if the motion has been timely filed, the reference would have to be withdrawn. 28 U.S.C. § 157(e).

7. Some defendants do consent to the bankruptcy judge conducting a jury trial in the event the Employment Committee has a right to a jury trial and if the motion has been timely filed. *See* docket no. 426. These defendants contend that the trial can be as conveniently conducted in Dallas, Texas, as in Houston, Texas.

8. The Employment Committee does not have a right to a jury trial on avoidance claims under Chapter 5 of the Bankruptcy Code.

■ The filing of the bankruptcy case by Enron Corp. and its subsidiary Enron North America does not automatically result in the waiver of a jury trial right held by Enron. *In re Jensen,* 946 F.2d 369, 374 (5th Cir.1991). Rather, the court must look to the nature of the proceedings to determine if the Employment Committee has the right to a jury trial to begin with.

Enron is not the plaintiff. The Employment Committee is the plaintiff. The Employment Committee is a legal entity created under the Bankruptcy Code. 11 U.S.C. § 1102. The Employment Committee holds only the powers vested by the Code and court order. For purposes of this motion, the court assumes that the bankruptcy court has authorized the Employment Committee to act as the representative of the bankruptcy estate. The court correspondingly assumes that as the representative of the bankruptcy estate, it holds whatever jury trial rights Enron held following the filing of the bankruptcy case.

■ The commencement of the bankruptcy case by Enron created a bankruptcy estate, 11 U.S.C. § 541, to be administered by a court of equity. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 57, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). As part of that process, Congress has created certain avoidance causes of action under Chapter 5 of the Code. Also, as part of the equitable process, Congress has vested avoidance claims under nonbankruptcy law in the bankruptcy trustee to pursue for the benefit of the bankruptcy estate. 11 U.S.C. §§ 544(b) and 550. Likewise, the determination of claims asserted against a bankruptcy estate involves the equitable process. *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). When a creditor elects to participate in that equitable process by filing a proof of claim, the creditor waives any right to a jury trial. *Id.* The filing of the proof of claim denies both the creditor and the trustee any right to a jury trial either would have had concerning the claims. *Jensen,* 946 F.2d at 374.

■ Under the Bankruptcy Code, an avoidance judgment results in the disallowance of a claim unless the creditor pays the judgment. 11 U.S.C. § 502(h). When the trustee files an avoidance action under Chapter 5 against a creditor who has filed a proof of claim, the trustee seeks to effect the claims allowance process. The trustee therefore has no right to a jury trial of an avoidance claim when the defendant has filed a proof of claim.

■ The same conclusion applies to avoidance claims brought against defendants who have not filed proofs of claims. The Bankruptcy Code vests avoidance claims in the bankruptcy trustee. Section 1107 of the Code vests in the debtor in possession the powers of the trustee. But for the Code, the claims would not exist,

*see, e.g.,* 11 U.S.C. §§ 547 and 548, or would not be available to the bankruptcy estate. 11 U.S.C. § 544(b). The trustee acts for the benefit of the bankruptcy estate. 11 U.S.C. § 550. A successful prosecution results in a recovery for the benefit of the bankruptcy estate. 11 U.S.C. § 550. The recovery becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(3). The debtor, or the representative of the estate, pursues bankruptcy-created avoidance claims to increase the property of the bankruptcy estate. The defendant who satisfies an avoidance judgment may obtain an allowed claim against the bankruptcy estate. 11 U.S.C. § 502(h). As a creditor, the defendant then shares in the distribution of the property of the estate. By commencing an avoidance proceeding, the debtor thereby effectively invokes the process of determining and distributing the property of the bankruptcy estate to creditors holding allowed claims. That triggers the essence of the bankruptcy equitable process. *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 124 S.Ct. 1905, 1910–11, 158 L.Ed.2d 764 (2004) (discussing *in rem* bankruptcy proceeding in the context of sovereign immunity).

The Employment Committee contends that the debtor does not waive its right to a jury trial by filing the bankruptcy case. The Fifth Circuit has indeed so held. *See Jensen,* 946 F.2d at 369. But that begs the question. The court must determine whether the trustee had a jury trial right under the Seventh Amendment. In *Jensen,* the Fifth Circuit held that the trustee (debtor in possession) did not waive its right to a jury trial on pre-bankruptcy petition claims if the right existed prior to the filing of the bankruptcy case under applicable non-bankruptcy law. *Jensen,* 946 F.2d at 373–74. Enron did not possess any of the avoidance claims before it filed its bankruptcy petition. The state

law fraudulent transfer claims belonged to existing creditors pre-petition. The trustee may pursue those claims only because of the power vested in a bankruptcy trustee by the Bankruptcy Code. 11 U.S.C. § 544(b). The claims under § 547 and § 548 are created under and exist only because of the Code. Enron had no pre-petition avoidance claims to pursue. Enron, therefore, had no pre-petition jury trial right regarding these claims.

The Employment Committee cites a 1932 Supreme Court decision for the proposition that a suit by a trustee in bankruptcy to recover preferential payments on behalf of a bankruptcy estate should be tried to a jury absent a proof of claim. *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 96, 53 S.Ct. 50, 77 L.Ed. 185 (1932). *Schoenthal* does not stand for the proposition that a trustee has a right to a jury trial, but rather it addresses the right of a creditor to a jury trial in the absence of a proof of claim. Furthermore, the law has changed since *Schoenthal.* Under the then applicable bankruptcy law, trustees pursued preferential avoidance actions in state court. That claim has been replaced by § 547, which is pursued in federal court as a core matter to the bankruptcy case. The claim is created under a different law, is a different claim, and commands a different analysis from that of 1932. "Congress rewrote bankruptcy law, and federal jurisdiction over bankruptcy cases, in 1978 and again (after the Supreme Court declared the 1978 jurisdictional scheme unconstitutional) in 1984." *Sentry Operating Co. v. Billings (In re Sentry Operating Co. of Texas, Inc.),* 273 B.R. 515, 521 (Bankr. S.D.Tex.2002). The court in *Granfinanciera* recognized that "[t]he 1978 Act abolished the statutory distinction between plenary and summary bankruptcy proceedings, on which the Court relied in *Schoenthal* .... [I]n the 1984 Amendments Con-

gress drew a new distinction between 'core' and 'non-core' proceedings ...." *Granfinanciera*, 492 U.S. at 60, 109 S.Ct. 2782. Indeed, as discussed above, the payment of an avoidance judgment results in a claim against the bankruptcy estate, bringing the analysis full circle.

The Employment Committee also argues that allowing the claims process to dictate the jury trial determination permits manipulation. A defendant in an avoidance action has the right to a jury trial unless it has waived that right. A defendant waives its right to a jury trial on an avoidance action by filing a proof of claim. But, the trustee has no right to a jury trial in an avoidance action to begin with. And the trustee has no authority to invoke the right to a jury trial on behalf of a defendant who chooses not to ask for a jury trial. And, if the trustee had a right to a jury trial, the trustee must waive that right by invoking the avoidance process because it directly addresses the property of the bankruptcy estate, the eventual amount of claims against the estate, and the distribution of the property of the bankruptcy estate, all of which involve the equitable bankruptcy process for which there is no right to a jury trial.

9. The defendants contend that the Employment Committee did not timely file the motion to withdraw the reference. The Employment Committee invoked its jury trial demand in its complaint. But the Employment Committee did not file its motion to withdraw the reference until July 12, 2004. Several defendants contend that the Employment Committee waived any jury trial right by failing to move promptly to withdraw the reference. Under 28 U.S.C. § 157(d), the district court may withdraw the reference of an adversary proceeding on "timely" motion of any party, for cause shown.

Under the circumstances of this proceeding, the Employment Committee timely filed its motion. If the right to a jury trial applies in a proceeding that a bankruptcy judge may hear, then the bankruptcy judge may preside over the jury trial with consent of all the parties. 28 U.S.C. § 157(e). The Employment Committee initially intended to consent to the bankruptcy judge presiding over the jury trial. The defendants identified in paragraph 6 have only recently expressed their lack of consent to the bankruptcy judge presiding over the jury trial. The Chief Judge for the Fifth Circuit did not appoint the undersigned to preside over the case until June 1, 2004. The logistical concern with the location of a jury trial with a bankruptcy judge presiding did not materialize until that appointment. By order entered June 21, 2004, the undersigned judge scheduled the initial status conference after the reassignment. The court held the conference on July 13, 2004. The day before the conference, on July 12, 2004, the Employment Committee filed its motion to withdraw the reference. At the status conference, the court directed that parties wishing to respond to the motion to withdraw reference had twenty days to file their responses addressing the right to a jury trial and whether or not they consented to the bankruptcy judge presiding over a jury trial if the Employment Committee had a right to a jury trial. The court then allowed the Employment Committee ten days after the last day for filing responses to file its reply to the responses. The court stated that it would set a conference after the responses and reply were filed but decided that the written pleadings covered the issue. Under these circumstances, the Employment Committee has acted promptly.

10. The bankruptcy court has entered a scheduling order as if there would be a jury trial in district court. That schedul-

128

ing order thereby protects parties should the Employment Committee have a right to a jury trial, while assuring that the parties efficiently prepare for trial. The scheduling order has been entered as docket no. 495 on September 15, 2004. The scheduling order further assures that the motion to withdraw reference not be used as a delay device by the Employment Committee, nor that any party use its lack of consent for the bankruptcy judge presiding over a jury trial as a device to delay the proceeding by playing one court's docket against the other. The scheduling order provides for bifurcated issues trials and monthly hearings and conferences to facilitate efficient trial preparation.

11. In light of the scheduling order and the core nature of the claims in this adversary proceeding, in the event that the district court concludes that the Employment Committee has a right to a jury trial and that the reference must be withdrawn, the bankruptcy court recommends that the reference not be withdrawn until the bankruptcy court certifies that the parties are ready for trial. The parties agree that the bankruptcy court should preside over the pre-trial administration of this adversary proceeding and decide pre-trial motions.

12. The adversary proceeding has not been stayed pending a determination of the motion to withdraw the reference. Bankruptcy Rule 5011. A motion to stay the adversary proceeding is not pending.

13. The bankruptcy court recommends that the district court deny the motion to withdraw the reference. A proposed order is attached.

### ORDER

Based on the report and recommendation of the United States Bankruptcy Court,

**IT IS ORDERED** that the motion of the Official Employment–Related Issues Committee of Enron Corporation to withdraw the reference is **DENIED**.